## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* PHILLIP LEVENTHAL .

[Misc. Docket (Subtitle BV) No. 9,
September Term, 1976.]

*Decided February 7, 1977.*

The cause was submitted to MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

O R D E R

This Court having considered the recommendation of the panel of judges designated to sit in the Circuit Court for Montgomery County and the record filed in the above entitled matter, and no exceptions having been filed to the recommendation, it is this 7th day of February, 1977

ORDERED, by the Court of Appeals of Maryland, that the recommendation be adopted and that Phillip Leventhal be, and he is hereby, suspended from the further practice of law in the State of Maryland for a period of six months, beginning March 9, 1977; and it is further

ORDERED that the clerk of this Court shall strike the name of Phillip Leventhal from the register of attorneys in this Court and certify that fact to the Trustees of the

Clients' Security Trust Fund and the clerks of all judicial tribunals in the State in accordance with Rule BV 13.

| | |
|---|---|
| | /s/ Robert C. Murphy |
| | /s/ Frederick J. Singley, Jr. |
| | /s/ Marvin H. Smith |
| | /s/ J. Dudley Digges |
| Filed: February 7, 1977 | /s/ Irving A. Levine |
| /s/ James H. Norris, Jr. | /s/ John C. Eldridge |
| Clerk | |
| Court of Appeals of Maryland | /s/ Charles E. Orth, Jr. |

## RECOMMENDATION FOR DISPOSITION OF CHARGES

The respondent, Phillip Leventhal, a member of the Bar of the Court of Appeals, appeared before the undersigned on November 12, 1976, for a hearing on the Amended Petition for Disciplinary Action of the Attorney Grievance Commission of Maryland. The respondent was charged specifically with having violated the following disciplinary rules of the Code of Professional Responsibility, Rule 1230, Appendix F, Maryland Rules of Procedure:

DR 1-102(A)(4), which states that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

DR 2-106(A), which states that a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

DR 7-102(A)(6), which states that in representing a client a lawyer shall not participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.

DR 9-102(B)(4), which states that a lawyer shall promptly pay or deliver to the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

Briefly, the respondent is alleged, in December, 1974, to have unjustifiably retained a three hundred dollar fee after he had been discharged by the client. In his Answer, respondent admits depositing "for collection a retainer check of a prospective client in the amount of three hundred dollars after he should have known, by virtue of communication with the client, that the client had not authorized him to proceed with legal work on her behalf". He denies, however, in his Answer that he fabricated justification for keeping the three hundred dollars and that he lied under oath to an inquiry panel of the Attorney Grievance Commission, as alleged in the Petition. The Panel heard the testimony of Mrs. Deborah Drudge, a former associate who originally interviewed the client. The Panel also heard the testimony of the respondent. He admitted having been reprimanded in 1973 by the Bar Association of Montgomery County for having charged a client a fee in excess of what had been agreed upon. Copy of the reprimand was admitted in these proceedings as petitioner's exhibit 2. The Panel also admitted into evidence respondent's exhibits 3 and 4, which are letters of gratitude from clients who were pleased with services rendered to them by respondent in matters separate from this inquiry. This Panel also heard the testimony of a client of the respondent's who spoke highly of him. In addition, the respondent called Charles Foster, a practicing attorney in Montgomery County, who testified that he, at the request of respondent, had advised him generally on the handling of client's funds and on the proper way to conduct his law practice.

The respondent himself testified he had enrolled as a student in a course titled "Professional Responsibility" at the University of Baltimore School of Law. The Panel accepted as part of the record a letter from William I. Weston, Assistant Dean and Assistant Professor of Law there. The letter attests to the fact that the respondent was a student and had "attended every class and was an active participant."

The Panel finds from a consideration of all the evidence:

That the respondent did engage in conduct involving

dishonesty, deceit and misrepresentation in violation of DR 1-102 (A)(4) in that he accepted a fee of three hundred dollars from a Mrs. Jennifer Staley when he knew or should have known that she had discharged him, and that he performed unneeded and unwanted legal services and charged Mrs. Staley for them.

That the respondent did collect an illegal or clearly excessive fee from Mrs. Staley in violation of DR 2-106(A) in that he knew or should have known he was not authorized to represent her, and, therefore, was not entitled to any fee at all.

That the respondent did fail and refuse upon demand to pay to the bank where Mrs. Staley kept her checking account the sum of three hundred dollars which the bank had mistakenly charged to Mrs. Staley's account and paid to respondent after a stop-payment order, and that this conduct on respondent's part constitutes a violation of DR 9-102(B)(4).

The Panel does not feel that the respondent is guilty of violating DR 7-102(A)(6) because, first of all, it appears to us that this Disciplinary Rule was meant to apply only where a lawyer *in the course of representing* his client engages in the creation or preservation of evidence which is known to be or is obviously false. Patently, the respondent was not representing Mrs. Staley when it is alleged he fabricated justification for keeping her three hundred dollars, because he admits he was not authorized to proceed with legal work on her behalf. On the issue of whether the respondent fabricated justification for keeping Mrs. Staley's money, the Panel was divided. Judges Miller and Woodward felt there was insufficient evidence to support this allegation of misconduct while Judge Mathias felt there was. The Panel, by a majority holding, therefore recommends that the respondent not be held guilty of the offense of fabricating justification for keeping Mrs. Staley's three hundred dollars. A guilty finding herein would have been a violation of DR 1-102(A)(4).

The petition also alleges, and respondent denied, that during the course of the disciplinary proceedings he lied

under oath to the Inquiry Panel "by testifying as to the validity of the work allegedly performed to justify his keeping the . . . three hundred dollars, and particularly when he testified that one Deborah Drudge, at the time a lawyer associate, asked him to research a question concerning jointly held personal property in a domestic matter, which, on November 29, 1974, necessitated his travelling from his office in Bethesda, Maryland, to the law library in Rockville, Maryland, because said Deborah Drudge had an aversion to going to the library".

With Judges Miller and Woodward voting in favor and Judge Mathias dissenting, the Panel recommends that, because the evidence thereon is insufficient, that the respondent not be found to have lied to the Inquiry Panel, which, if true, would have been a violation covered by DR 1-102(A)(4).

The Panel has carefully considered all the evidence and in doing so has given some weight to respondent's apparent remorse for his admitted offenses and his affirmative steps to reinforce his understanding of the responsibilities of his profession by taking a law school course on the subject and by seeking assistance of another attorney on how properly to conduct a law practice. On the other hand we have taken into consideration the fact that, for the respondent, this is the second time he has been charged with unprofessional conduct. In view of all the facts and circumstances, it is the unanimous recommendation of the Panel that the respondent be punished for his misconduct by having his privilege to practice law in this State as a member of the Bar of the Court of Appeals suspended for a period of six (6) months.

Dated: Dec. 28, 1976

/s/ Joseph M. Mathias

/s/ H. Ralph Miller

/s/ Charles W. Woodward, Jr.